CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 06 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| JAMES T. LUTHER, | ) |
| Plaintiff, | ) Civil Action No. 4:13cv00072 |
| v. | ) |
| WELLS FARGO BANK, N.A. and ATLANTIC LAW GROUP, LLC, | ) By: Michael F. Urbanski |
| | ) United States District Judge |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff James T. Luther, who is proceeding pro se, filed his complaint in this action on December 17, 2013, alleging a violation of the Fair Debt Collection Practices Act, wrongful foreclosure, fraud, and mail fraud. The same day, Luther filed an application for temporary restraining order, asking the court to enjoin the scheduled January 7, 2014 foreclosure sale of his Fieldale, Virginia property.[1] On December 17, 2013, the court entered an Order requiring defendants, who had not yet been served, to respond to plaintiff's application for temporary restraining order on or before December 31, 2013. On December 31st, defendants filed a motion to dismiss and a motion in opposition to the application for temporary restraining order. The court entered an Order on January 3, 2014 requiring counsel for defendants to advise the court by close of business as to the status of the foreclosure sale in light of the pending case. In response, counsel advised that the foreclosure sale scheduled for January 7th had been cancelled and that Wells Fargo agreed to voluntarily place the sale on hold until the pending litigation had resolved. As such, Luther's application for temporary restraining order will be denied.

---

[1] This is the second case filed by Luther against Wells Fargo in which he has sought to enjoin foreclosure of his Fieldale property. See Case No. 4:11cv00057.

"A preliminary injunction is an extraordinary remedy never awarded as of right."[2] Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008)); Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 345 (4th Cir. 2009), vacated on other grounds and remanded, 130 S. Ct. 2371 (2010), reaff'd in part and remanded, 607 F.3d 355 (4th Cir. 2010). It is a remedy that is "'granted only sparingly and in limited circumstances.'" MicroStrategy, Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001) (quoting Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 816 (4th Cir. 1991)). Thus, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S. at 20 (citing Munaf, 553 U.S. at 689-90; Amoco Prod. Co. v. Gambell, 480 U.S. 531, 542 (1987); Weinberger v. Romero-Barcelo, 456 U.S. 305, 311-12 (1982)); see also Real Truth About Obama, 575 F.3d at 345 (applying the standard for preliminary injunctions set forth in Winter). A preliminary injunction cannot be issued unless all four of these elements are met, and "'[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction.'" Direx Israel, 952 F.2d at 812 (quoting Tech. Publ'g Co. v. Lebhar-Friedman, Inc., 729 F.2d 1136, 1139 (7th Cir. 1984); Shaffer v. Globe Prod., Inc., 721 F.2d 1121, 1123 (7th Cir. 1983)).

In his motion for temporary restraining order, Luther asserts that "Defendants are seeking to foreclose on Plaintiff's home in violation of the rights of the Plaintiff and that great and irreparable injury will result to Plaintiff . . . ." Appl. for TRO, Dkt. # 2. Defendants have

---

[2] The same analysis applies to a motion for preliminary injunction and a request for temporary restraining order. See Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999); see also Neiswender v. Bank of Am., No. 09-2595, 2009 WL 1834406, at *1 (N.D. Cal. June 23, 2009) (noting "[a] request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction").

2

advised that the January 7th foreclosure sale of Luther's property has been cancelled and any foreclosure action has been placed on hold until resolution of the pending litigation. Thus, Luther cannot show irreparable harm.

The Fourth Circuit has explained that "the required 'irreparable harm' must be 'neither remote nor speculative, but actual and imminent.'" Direx Israel, 952 F.2d at 812 (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2d Cir. 1989) and citing ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987) ("Establishing a risk of irreparable harm is not enough. A plaintiff has the burden of proving a 'clear showing of immediate irreparable injury.'")). Preliminary injunctions are meant to "protect the status quo and to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits." In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 525 (4th Cir. 2003) (citations omitted), abrogation on other grounds recognized in Bethesda Softworks, LLC v. Interplay Entm't Corp., No. 11-1860, 2011 WL 5084587, at *2 (4th Cir. Oct. 26, 2011).

Because there is no pending foreclosure sale of Luther's property, the court cannot find that Luther is at risk of actual and imminent harm. Without such a showing, the court cannot grant injunctive relief. Accordingly, plaintiff's motion for temporary restraining order (Dkt. # 2) will be **DENIED**.

An appropriate Order will be entered.

Entered: January 6, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge