IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| JAMES T. LUTHER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 4:13-cv-72 |
| | ) | |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | By: Hon. Robert S. Ballou |
| | ) | United States Magistrate Judge |
| ATLANTIC LAW GROUP, LLC., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff James T. Luther ("Luther") filed this action *pro se* against Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Atlantic Law Group, LLC ("ALG"), asserting various claims arising out of the attempted foreclosure of his property. Defendants filed a Motion to Dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Luther filed a response to the motion to dismiss, and moved for summary judgment on all counts of the Complaint. (Dkt. No. 17).

The Court referred these dispositive motions to me for proposed findings of fact and a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). I find that oral argument will not aid the court with regard to the pending motions, which have been fully briefed and are ripe for decision. Having reviewed the relevant documents, case law, and statutory authority, I conclude that Luther's Complaint fails to plead sufficient facts to support his claims, and **RECOMMEND** that the Court **GRANT** Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) (Dkt. No. 7), **DENY** Luther's Motion for Summary Judgment (Dkt. No. 17), and allow Luther leave to file an amended complaint within ten (10) days of the date it acts upon this Report and Recommendation.

**PROCEDURAL BACKGROUND**

This is the second case filed by Luther against Wells Fargo in which he seeks to enjoin the foreclosure of his property located at 2194 Dogwood Lane, Fieldale, Virginia (the "Fieldale property").[1] See Case No. 4:11cv0057. Luther's previous action alleged that Wells Fargo's attempt to foreclose on his property was fraudulent and violated the Federal Truth in Lending Act and the Federal Real Estate Settlement and Procedures Act. After allowing Luther to amend his complaint, the Court dismissed the action with prejudice for failure to state a claim under Rule 12(b)(6).

The current action arises from Wells Fargo's renewed attempt to foreclose on the Fieldale property based upon a promissory note ("the note")[2] that Luther executed in favor of Wachovia Bank, N.A. (a predecessor in interest to Wells Fargo) on February 23, 2007, and which is secured by a deed of trust on the Fieldale property.[3] Dkt. Nos. 8-1, 8-2. Wells Fargo instituted a foreclosure action on the secured property because of Luther's apparent default on the note. Luther filed this suit alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), wrongful foreclosure, fraud, and mail fraud and seeking "a release of any liens and a quieting of the title relating to his property," along with monetary damages, statutory relief, court costs and fees. Dkt. No. 1. Luther also filed a Motion for Temporary Restraining Order to prevent the foreclosure of his property. On January 6, 2014, Defendants notified the Court that the

---

[1] The foreclosure of the Fieldale property is currently on hold pending the outcome of this litigation. Dkt. No. 15.
[2] The attachments to the Complaint show that Luther also executed an equity line of credit with Wells Fargo. The foreclosure is based solely upon Luther's alleged default under the terms of the note and deed of trust. See Dkt. No. 1-7.
[3] The note and equity line agreements are referenced in Luther's Complaint, and are attached as exhibits to Defendants' Memorandum in Support of Motion to Dismiss. Dkt. Nos. 8-1, 8-2. In considering a motion to dismiss under Rule 12(b)(6) the court may consider the complaint, any documents attached to it, as well as documents submitted by the defendants if such documents are "'integral to and explicitly relied on in the complaint and if the plaintiff[] do[es] not challenge its authenticity.'" Johnson v. Fed. Home Loan Mortgage Corp., 7:12CV00507, 2013 WL 3663058, at * 2 n.4 (W.D. Va. July 12, 2013) (citing Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004). Therefore the Court may properly consider the note and equity line of credit attached to Defendants' Memorandum in Support of Motion to Dismiss when ruling on this motion.

foreclosure of the Fieldale property was placed on hold during the pendency of this litigation. Based upon that representation, the Court denied Luther's motion for a temporary restraining order. Dkt. No. 16.

## FACTUAL ALLEGATIONS

The factual portion of Luther's Complaint summarizes a series of correspondence between Wells Fargo and Luther, beginning with a letter from Wells Fargo dated October 4, 2013, notifying Luther that his mortgage was referred to foreclosure. Dkt. No. 1-1. Luther responded to the notice by letter dated October 15, 2013, disputing the validity of the debt and asking Wells Fargo to release its title and claims to his property and cease further communication. Dkt. No. 1-2. On October 29, 2013, Wells Fargo responded to Luther's letter, attaching a copy of the note and security instrument, as well as a copy of this Court's Order in the 2011 case denying Luther the relief sought in that action and allowing Wells Fargo to move forward with foreclosure. Wells Fargo stated that an order ceasing communication was placed on Luther's account, but that the liens would not be released until the account deficient balance is paid in full or other remedies are executed to offset the balance owed. Dkt. No. 1-4.

On November 5, 2014, Luther wrote to Wells Fargo disputing the account numbers referenced in Wells Fargo's previous letters, asserting violations of the FDCPA, and threatening suit if the liens were not released. Dkt. No. 1-5. Wells Fargo responded on December 5, 2013, addressing the alleged discrepancies in the account numbers associated with the Fieldale property and validating the debt owed. Wells Fargo also referred Luther to ALG for questions related to the foreclosure. Dkt. No. 1-7. On December 10, 2013, Luther sent Wells Fargo a "Notice of Impending Legal Action" asserting the illegality of Wells Fargo's attempted foreclosure. Dkt. No. 1-8. A few days later, Wells Fargo published in the Martinsville Bulletin a

3

notice of Trustee's Sale of the Fieldale property scheduled for January 7, 2014, by Substitute Trustee ALG Trustee, LLC, C/O Atlantic Law Group, LLC. Dkt. No. 1-9.[4] On December 17, 2013, Luther initiated this action against Defendants to stop the impending foreclosure on the Fieldale property. Luther asserts that Defendants have violated the FDCPA and that their actions constitute fraud and mail fraud.

## STANDARD OF REVIEW

The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of the plaintiff's complaint. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. Pshp., 213 F.3d 175, 180 (4th Cir. 2000).

To survive a Rule 12(b)(6) motion to dismiss, the claimant's "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the pleading must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly,

---

[4] Luther included additional facts and exhibits in his motion for summary judgment and response to motion to dismiss. Dkt. No. 17. It is "axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." Katz v. Odin, Feldman & Pittleman, P.C., 332 F. Supp. 2d 909, 917 n.9 (E.D. Va. 2004) (citing Morgan Distrib. Co., Inc. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir.1989) (citation omitted). See also Davis v. Cole, 999 F. Supp. 809, 813 (E.D.Va.1998) (refusing to consider additional allegations in response to motion to dismiss); Sloan v. Urban Title Services, Inc., 689 F. Supp. 2d 94, 114 (D.D.C. 2010). Therefore, the Court will not consider the new factual allegations or exhibits attached to Luther's response to Wells Fargo's Motion to Dismiss for purposes of evaluating the legal basis of the motion. I note, however, that Luther's response generally repeats the allegations contained in the Complaint, adding few new factual allegations related to additional correspondence exchanged between Luther and Defendants after this lawsuit was filed. This correspondence is a continuation of the exhibits attached to the Complaint, and does not materially impact the analysis of Luther's legal claims set forth below.

4

550 U.S. 544, 555, 570 (2007) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Plaintiffs must offer enough facts to "nudge[] their claims across the line from conceivable to plausible," Twombly, 550 U.S. at 570, and from which the court, calling upon "its judicial experience and common sense," can conclude that the pleader has "shown" that he is entitled to relief. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 679.

Here, Luther is proceeding *pro se*, thus his pleadings must be "liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 93 (internal citation omitted). However, the court is not required to accept a *pro se* plaintiffs contentions as true, Denton v. Hernandez, 504 U.S. 25, 32 (1992), and cannot ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.").

## ANALYSIS

### A. Fair Debt Collection Practices Act

Luther asserts that Defendants violated the FDCPA, specifically 15 U.S.C. § 1692g, by failing to provide notice of the validity of the debt upon which they were foreclosing, and failing to answer his communications denying the debt. Dkt. No. 1, ¶ 15. Defendants assert that this claim should be dismissed because they are not "debt collectors" under the FDCPA.

The FDCPA restricts the tactics available to "debt collectors." 15 U.S.C. §§ 1692 *et. seq*.; Scott v. Wells Fargo Home Mortg., Inc., 326 F. Supp. 2d 709, 717 (E.D. Va. 2003). Specifically,

5

§ 1692g requires a "debt collector" to send the consumer, within five days after the initial communication with the consumer in connection with the collection of any debt, written notice containing certain information, including the amount of the debt and the name of the creditor to whom the debt is owed. 15 U.S.C. §1692g. This section further provides that if the consumer notifies the debt collector that the debt is disputed, the debt collector shall cease collection of the debt until it obtains verification of the debt from the creditor. Id.

To state a claim under the FDCPA, Luther must sufficiently allege that (1) he was the object of a collection activity arising from a consumer debt, (2) the defendants are debt collectors as defined by the FDCPA, and (3) the defendants engaged in an act or omission prohibited by the FDCPA. Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011). The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

It is well-settled that provisions of the FDCPA generally do not apply to creditors such as mortgage servicers because they are not persons who attempt to collect debts "owed or due or asserted to be owed or due another."[5] Davis v. Wells Fargo Bank, N.A., Civ. Action No. 3:1CV586, 2014 WL 106257, at *4 (E.D. Va. Jan. 8, 2014); Allen v. Bank of America, N.A., 933 F. Supp. 2d 716 (D. Md. 2013); Scott v. Wells Fargo Home Mortgage Inc., 326 F. Supp. 2d 709, 717–18 (E.D. Va. 2003); 15 U.S.C.A. § 1692a(6). Such creditors are exempt from the FDCPA even when their correspondence explicitly states that they are attempting to collect a

---

[5] Some courts have recognized that a mortgage servicer may be a "debt collector" under the FDCPA if it acquired a mortgage after the debt allegedly went into default. See Yarney v. Ocwen Loan Servicing, LLC, 929 F. Supp. 2d 569, 575 (W.D. Va. 2013) (quoting Bridge v. Ocwen Federal Bank, FSB, 681 F.3d 355, 359 (6th Cir. 2012)). Wells Fargo initiated this note, and thus does not fall within that exception.

6

debt pursuant to the FDCPA. Bradford v. HSBC Mortg. Corp., 829 F. Supp. 2d 340, 348 (E.D. Va. 2011); McCray v. Fed. Home Loan Mortgage Corp., Civ. Action No. GLR-13-1518, 2014 WL 293535, at * 9 (D. Md. Jan 24, 2014) ("Even when a communication includes, 'This is an attempt to collect a debt,' it is not an attempt to collect a debt unless there is an express demand for payment and other 'specific information about the debt, including the amount of the debt, the creditor to whom the debt is owed, the procedure for validating the debt, and to whom the debt should be paid.'"). Here, Wells Fargo is the mortgage servicing company who holds the note, and thus is not properly characterized as a "debt collector" and is exempt from liability under the FDCPA. See Scott, 326 F. Supp. 2d at 718; Klar v. Fed. Nat. Mortgage Ass'n, 3:13CV00462-JAG, 2014 WL 412533, at * 7–8 (E.D. Va. Feb. 3, 2014).

With respect to ALG, "the Fourth Circuit has held that a trustee acting in connection with a foreclosure *can* be a 'debt collector' under the FDCPA."[6] Blick v. Wells Fargo Bank, N.A., No. 3:11-cv-00081, 2012 WL 1030137, at *7 (W.D. Va. Mar. 27, 2012) (citing Wilson v. Draper & Goldberg, P.L.L.C., 443 F.3d 373, 378–80 (4th Cir. 2006)). The critical inquiry is whether ALG's communications with Luther were an attempt to collect a debt, which fall within the FDCPA, or were an initiation of foreclosure proceedings pursuant to ALG's fiduciary capacity as substitute trustee under the deed of trust, which is excluded under the FDCPA. McCray v. Fed. Home Loan Mortgage Corp., Civ. Action No. GLR-13-1518, 2014 WL 293535, at * 9 (D. Md. Jan 24, 2014); Davis v. Wells Fargo Bank, N.A., Civ. Action No. 3:13cv586, 2014 WL 106257, at *5 (E.D. Va. Jan. 8, 2014); Blagogee v. Equity Trustees, LLC, No. 1:10-cv-13, 2010 WL 2933963, at *5–6 (E.D. Va. July 26, 2010).

---

[6] Luther names ALG as a defendant in this action, but his Complaint does not specifically refer to any actions taken by ALG or state which, if any, of his legal claims are asserted against ALG. Given the liberal standard by which this Court must review Luther's Complaint, I will evaluate each cause of action as if it is asserted against both Defendants.

Courts look at the nature and content of a communication to determine whether a trustee under a deed of trust is attempting to collect a debt. McCray, 2014 WL 293535, at *9; Davis, 2014 WL 106257, at *5. A communication is an attempt to collect a debt when it contains an express demand for payment and other specific information about the debt, including the amount of the debt, the creditor to whom the debt is owed, the procedure for validating the debt, and to whom the debt should be paid. Wilson, 443 F.3d at 375; McCray, 2014 WL 293535, at *9; Davis, 2014 WL 106257, at *5.

The documents properly considered by the Court at this stage reflect that ALG was listed as the substitute trustee in a notice of trustee's sale of the Fieldale property listed in the Martinsville Bulletin on December 13, 2013. Dkt. No. 1-9. ALG's status as a substitute trustee on the applicable deed of trust does not transform ALG into a "debt collector" under the FDCPA. Luther has pled no facts that any communications from ALG included an express demand for payment, provided notice to whom the debt should be paid, indicated how the debt could be satisfied, or indicated that it was attempting to collect a debt. Rather, the notice of trustee's sale merely informed Luther and the public of the date and time of the foreclosure sale. Such correspondence is not an attempt to collect a debt under the FDCPA. See McCray, 2014 WL 293535, at *9; Davis, 2014 WL 106257, at *5; Blick, 2012 WL 1030137, at *8; Blagogee, 2010 WL 2933963, at *6. Accordingly, Luther's FDCPA claims fail because neither Wells Fargo nor ALG are "debt collectors" under the FDCPA.

### B. **Wrongful Foreclosure**

Luther alleges a claim of wrongful foreclosure against Defendants, based upon his assertion that (1) Defendants have no security interest in his property, and (2) Defendants did not give him notice of the foreclosure. Initially, "it is unclear whether Virginia even recognizes the

tort of "wrongful foreclosure." Sheppard v. BAC Home Loans Servicing, LP, 3:11-CV-00062, 2012 WL 204288 (W.D. Va. Jan. 24, 2012) (citing Marabda v. Albanese & Assocs., No. 143243, 1996 WL 1065652, at *3 (Va. Cir. Ct. Dec.6, 1996) ("Assuming, without deciding, that Virginia law recognizes a tort of wrongful foreclosure...."); Hien Pham v. Bank of New York, 856 F. Supp. 2d 804, 811(E.D. Va. 2012) ("Virginia does not recognize a cause of action for wrongful foreclosure."). However, assuming such a cause of action exists, Luther's legal claims are not supported by factual allegations in the Complaint, and are directly refuted by the note and other exhibits attached to the Complaint.

Luther asserts that Defendants do not have a valid security interest in the Fieldale property. However, neither the facts averred to in the Complaint nor the exhibits attached thereto support this assertion. Rather, the exhibits establish that Luther executed a note in favor of Wachovia Bank, N.A. (predecessor in interest to Wells Fargo), listing the Fieldale property as security. Dkt. No. 8-1. Wells Fargo possessed the note in October 2013, when it notified Luther that his mortgage was referred to foreclosure. Dkt. No. 1-1. At some point prior to December 13, 2013, ALG was named the substitute trustee on the deed of trust securing the note. Dkt. No. 1-9.

"Where there is a conflict between the bare allegations of a complaint and any exhibit attached pursuant to Rule 10(c), the exhibit prevails. Consistent with these holdings, the Court will examine a 12(b)(6) motion in light of the facts alleged in the complaint and the exhibits attached, deferring to the exhibits where there is a conflict." Davis v. Cole, 999 F. Supp. 809, 812 (E.D. Va. 1998) (internal citations omitted). Here, the exhibits establish that Wells Fargo held a note executed by Luther, secured by a deed of trust on the Fieldale property. The exhibits further establish that ALG was a substitute trustee on that deed of trust. Luther does not allege that he fully satisfied his obligation under the note, or that his debt was otherwise cancelled or

9

forgiven. Accordingly, Luther presents no plausible legal claim that Defendants lack a security interest in the Fieldale property. See Hien Pham, 856 F. Supp. 2d 804, 814–15 (defendant noteholder was authorized under terms of the Note and Deed of Trust and Virginia law to appoint a substitute trustee and invoke the power of sale).

Luther's allegation that Defendants gave "no notice" of the foreclosure is also directly contradicted by the exhibits attached to the Complaint. Luther attached as exhibits to the Complaint (1) Wells Fargo's letter dated October 4, 2013, stating "Your mortgage has been referred to foreclosure" (Dkt. No. 1-1), (2) Wells Fargo's letter dated December 5, 2013, discussing the impending foreclosure of the Fieldale property (Dkt. No. 1-7), and (3) a notice of trustee's sale of the Fieldale property listed in the newspaper on December 5, 2013, notifying the public that the sale would take place on January 7, 2014 (Dkt. Nos. 1-9). These exhibits negate Luther's assertion that he received no notice of the foreclosure. Nor does Luther allege what, if any, additional notice Defendants were obligated to provide with regard to the foreclosure of the Fieldale property. Thus, even liberally construed, Luther's Complaint fails to allege facts which set forth a cognizable claim for wrongful foreclosure, and must be dismissed.

**C. Fraud**

Luther also alleges that Defendants committed fraud and mail fraud by using false account numbers to refer to his debt in their correspondence, and failing to validate the debt, with the intent to defraud him. Dkt. No. 1 at ¶¶ 17, 18. These counts are premised on Luther's assertion in the Complaint and its exhibits that the communications from Wells Fargo regarding foreclosure refer to various false account numbers, which do not correspond to the note secured by the Fieldale property.

Pursuant to Federal Rule of Civil Procedure 9(b), a complaint must "state with particularity the circumstances constituting fraud or mistake." See Fed R. Civ. P. 9(b). Furthermore, Virginia law requires a plaintiff to plead and prove by clear and convincing evidence: (1) a false representation, (2) of material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) damages resulting from that reliance. Van Deusen v. Snead, 247 Va. 324, 237 (1994). A plaintiff must clearly allege each specific element of fraud in the pleading. Waytec Elecs. Corp. v. Rohm & Haas Elec. Materials, LLC, 459 F. Supp. 2d 480, 492 (W.D. Va. 2006).

Accepting as true all of the Complaint's well-pleaded allegations and viewing it in the light most favorable to Luther, it fails to disclose any specific acts or omissions that would give rise to liability for fraud under Virginia law. Luther alleges that Wells Fargo's letters use "false" account numbers to refer to Luther's mortgage. However, Luther does not allege that these false representations by Wells Fargo actually deceived him or that he relied upon these representations to his detriment. Rather, he disputes the account numbers used by Wells Fargo immediately and continuously throughout his correspondence. Dkt. Nos. 1-2, 1-5, 1-8. See Wolf v. Fed. Nat. Mortgage Ass'n, 512 F. App'x 336, 344 (4th Cir. 2013) (Plaintiff did not rely on alleged misrepresentations when she took action to stop the foreclosure sale and mailed notice of rescission.). Luther's refutation of the account numbers prompted Wells Fargo in its December 5, 2013 letter to identify the various account numbers assigned to Luther's mortgage and explain their relevance. Dkt. No. 1-7.

The Complaint simply fails to assert that Luther relied upon the allegedly false account numbers or other misrepresentations by Defendants to his detriment. Although Luther claims that Defendant's actions caused "undue harm, stress, embarrassment and expense," Luther fails to

state how Wells Fargo's reference to purportedly fraudulent account numbers actually caused him damage, especially given that the foreclosure proceeding has been placed on hold. In Virginia, a fraud claim is fatally defective unless it alleges detrimental reliance, and the damages proximately flowing from such reliance, with particularity. See Klar v. Fed. Nat. Mortgage Ass'n, 3:13CV00462-JAG, 2014 WL 412533, at *3 (E.D. Va. Feb. 3, 2014) ("If the account statements form the basis of the fraud, the claim cannot pass muster, because the [plaintiffs] did not rely on those statements to their detriment. [Plaintiffs] make it clear that they protested any statements showing any amount other than what they agreed to in the modification agreement…Without detrimental reliance, the plaintiffs cannot prevail on a fraud claim.").

Additionally, the Fourth Circuit has recognized that the federal mail fraud statute, 18 U.S.C. § 1341, does not create a private right of action. See Laupot v. Berley, No. 88–2137, 865 F.2d 255 (table), 1988 WL 131819, at *1 (4th Cir. Dec. 8, 1988) (unpublished). In sum, Luther failed to plead the elements of fraud with the specificity required by Rule 9(b), and his mail fraud claim fails as a matter of law. See Carter v. Rogers, Townsend, & Thomas, P.C., 1:12CV495, 2014 WL 800400, at *3 (M.D.N.C. Feb. 28, 2014).

## RECOMMENDED DISPOSITION

Giving Luther's Complaint the liberal construction that the Court must, I find that the Complaint cannot withstand Defendants' Motion to Dismiss. For the foregoing reasons, it is **RECOMMENDED** that an order be entered, **GRANTING** Defendants' Motion to Dismiss (Dkt. No. 7), **DENYING** as moot Luther's Motion for Summary Judgment (Dkt. No. 17).

This is the second lawsuit Luther has filed to stop the foreclosure of his Fieldale property. In both cases, Luther's factual and legal assertions have been insufficient. Generally, a court will liberally allow a *pro se* plaintiff leave to amend to correct factual insufficiencies in the

complaint, but Luther does not seek that relief here.  Nevertheless, I **RECOMMEND** that the Court give Luther ten (10) days from the date it acts upon this Report and Recommendation to file an amended pleading and aver additional facts to correct the insufficiencies existent in the Complaint.  I further **RECOMMEND** that the Court dismiss this case with prejudice if Luther fails to amend the Complaint within the time allowed.

The clerk is directed to transmit the record in this case to the Honorable Michael F. Urbanski, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record and *pro se* parties.  Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days.  Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive upon the parties.  Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings, as well as to the conclusion reached by the undersigned, may be construed by any reviewing court as a waiver of such objection.

    Enter:  April 18, 2014

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge