IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| JAMES T. LUTHER, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:13-cv-00072 |
| ) | |
| v. ) | |
| ) | |
| WELLS FARGO BANK, N.A., and ) | By: Michael F. Urbanski |
| ATLANTIC LAW GROUP, LLC, ) | United States District Judge |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

This matter is before the court on defendants' motion to dismiss plaintiff's complaint for failure to state a claim (Dkt. # 7). Pursuant to 28 U.S.C. § 636(b)(1)(B), the motion was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, for proposed findings of fact and a recommended disposition. On April 18, 2014, the magistrate judge issued a report recommending that the motion to dismiss be granted, that plaintiff's motion for summary judgment be denied as moot, and that plaintiff be given ten days to file an amended complaint.

On May 7, 2014, the court entered an order adopting the report and recommendation in its entirety, hearing no objection from plaintiff James T. Luther. Luther, who is proceeding pro se, then filed a motion for reconsideration, claiming he never received a copy of the magistrate judge's report. By Order entered May 12, 2014, the court vacated its previous order adopting the report, construed Luther's motion for reconsideration as an objection to the report, and ordered defendants to respond. Defendants have filed their response, and this matter is now ripe for adjudication.

I.

This is the second lawsuit brought by Luther in an attempt to avoid foreclosure of his Fieldale, Virginia property. In his first case against Wells Fargo (the "2011 case"), Luther alleged

fraud and violations of the Truth in Lending Act (TILA) and the Real Estate Settlement and Procedures Act (RESPA). See No. 4:11cv0057, Dkt. # 3. Luther filed a motion for temporary restraining order (TRO) seeking to enjoin the foreclosure of his home. Wells Fargo halted foreclosure proceedings in order to evaluate Luther's claims, and the court denied the motion for TRO. Wells Fargo filed a motion to dismiss the amended complaint that was referred to the magistrate judge, who recommended the court grant the motion because Luther failed to plead sufficient facts to support his claims. Accepting this recommendation over Luther's objection, the court dismissed Luther's action with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, by Order entered September 25, 2012.

Over a year later, in an effort to halt foreclosure proceedings that had begun yet again, Luther filed this second action against Wells Fargo and Atlantic Law Group, LLC, alleging fraud,[1] mail fraud, wrongful foreclosure, and violations of the Fair Debt Collection Practices Act (FDCPA). Luther's complaint references a series of letters[2] he exchanged with Wells Fargo between October 4, 2013 and December 13, 2013, beginning with Wells Fargo's notification that Luther's mortgage, loan number 09xxxx5249, had been referred to foreclosure counsel.[3] In his correspondence, Luther disputes the validity of any debt associated with loan number 09xxxx5249, claiming he never had an account with that number. See Compl., Dkt. # 1-2, 1-5. He also takes issue with Wells Fargo's reference in its correspondence to account number xxxxxxxxx51998, accusing Wells Fargo of changing his account number at random and denying having any debt associated with this account. Id. at Dkt. # 1-5. Luther appears to contend that the accurate account numbers are those he referenced in the 2011 case—#68xxxxx040001 and #4386-xxxx-1265-xxxx. Luther also appears to believe that, in the course of the 2011 case proceedings, "the truth was revealed that [Wells Fargo]

---

[1] The fraud alleged in the instant complaint concerns the account numbers assigned to Luther's account and differs from the fraud claim raised in the 2011 case.
[2] These letters are attached as exhibits to Luther's complaint.
[3] It appears Atlantic Law Group, LLC is this foreclosure counsel. See Compl., Dkt. # 1-7.

2

willfully ignored and failed to respond to [his Qualified Written Requests for information about his lending source] and in so doing agreed to give [him] unlimited absolute power of attorney in this matter." Compl., Dkt. # 1-5 (citing No. 4:11cv57, Dkt. # 43, at 4).

For its part, Wells Fargo explained to Luther the various account numbers in correspondence dated December 5, 2013.[4] Wells Fargo also explained to Luther that the 2011 case had been dismissed by the court on September 25, 2012. Compl., Dkt. # 1-7.

In response, Luther asserted that Wells Fargo "changed [his] account numbers two times and [had] not proved any debt according to the FDCPA and now [had begun] an illegal foreclosure process with no valid notice from the Atlantic Law Group or any valid debt with which to foreclose." Compl., Dkt. # 1-8. Luther threatened legal action and, after notice of foreclosure was published in the Martinsville Bulletin on December 13, 2013, filed the complaint in the instant case.

In his complaint, Luther asserts that defendants failed to provide notice of the validity of his debt and answer his communications denying the debt in violation of the FDCPA, 15 U.S.C. § 1692g. Compl., Dkt. # 1, at ¶ 15. Luther advances his claims of fraud and wrongful disclosure by contending that the defendants have no valid interest in his property, used false account numbers associated with his loans, and failed to provide notice of the impending foreclosure of his property. Id. at ¶ 16-18. Luther alleges mail fraud on the basis that defendants conducted fraudulent communications through the mail. Id. at ¶ 18. Defendants moved to dismiss all four claims under Federal Rule of Civil Procedure 12(b)(6).

In his report issued April 18, 2014, the magistrate judge concludes that Luther fails to state a claim for which relief can be granted and recommends that the court dismiss this action but give

---

[4] Luther executed two accounts with Wachovia Bank in February 2007. The first lien position account in the amount of $128,831.00 was assigned account number 68xxxxx040001 at the time Wachovia was acquired by Wells Fargo. Wells Fargo states that in October 2013 this account number was referred to foreclosure counsel, Atlantic Law Group, LLC, and was assigned account number 09xxxx5249. The second account Luther opened in February 2007 was an equity line with Wachovia, which was originally given account number 4386xxxx1265. This equity line account was assigned a new account number, xxxxxxxxx51998, when Wells Fargo acquired Wachovia. This account has not been referred to foreclosure. Compl., Dkt. # 1-7.

3

Luther leave to file an amended complaint. Specifically, the magistrate judge found that Wells Fargo is not a debt collector under the FDCPA and the allegations against Atlantic Law Group,[5] as currently pled, do not establish that it communicated with Luther in an attempt to collect a debt. The magistrate judge further found that, to the extent Virginia law even recognizes a cause of action for wrongful foreclosure, Luther's claims that defendants lack a security interest in his property are not supported by the factual allegations in the complaint and are, in fact, refuted by the note and the exhibits attached to the complaint. Finally, the magistrate judge held that Luther fails to state a claim for fraud and has no private right of action under the mail fraud statute, 18 U.S.C. § 1341. Luther filed a motion to reconsider, which the court construes as an objection to the magistrate judge's report.

## II.

Rule 72(b) of the Federal Rules of Civil Procedure permits a party to "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations within fourteen days of being served with a copy of the report. See also 28 U.S.C. § 636(b)(1). The Fourth Circuit has held that an objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir.), cert denied, 127 S. Ct. 3032 (2007).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district

---

[5] As the magistrate judge notes, Luther "does not specifically refer to any actions taken by ALG or state which, if any, of his legal claims are asserted against ALG" in his complaint. Report & Recommendation, Dkt. # 28, at 7. However, because Luther is proceeding pro se, the court liberally construes his allegations as applying to both Wells Fargo and Atlantic Law Group.

4

court's effectiveness based on help from magistrate judges would be undermined.

Id. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1). However, de novo review is not required when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations. See Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

### III.

Luther's objections to the report and recommendation consist primarily of facts and allegations that were not raised in his complaint. For instance, Luther claims he satisfied his Wells Fargo debt by tendering a check in the amount of $127,150.20. See Pl.'s Mot. to Reconsider, Dkt. # 32, at 2, Ex. 1. Luther fails to allege in his complaint that he paid off his loan balance with Wells Fargo. To be sure, he denies owing any debt to defendants. However, Luther alleges that he does not owe a debt associated with certain account numbers he believes are fraudulent, and that the 2011 case somehow gives him power of attorney to release any liens and clear title. See Compl., Dkt. # 1. Luther also raises for the first time in his objections an allegation that he made "release of lien" payments of $30 per loan to Wells Fargo, which kept his check and refused to release his lien. Pl.'s Mot. to Reconsider, Dkt. # 32, at 2. Again, this allegation appears nowhere in the complaint. "Plaintiff cannot use his objections to plead new claims or cure the factual defects of his existing claims. . . ." Fuller v. Bryant, No. 3:12-cv-02755-RBH, 2013 WL 2635689, at *3 (D.S.C. June 11,

5

2013). The court will not consider new claims raised for the first time in Luther's objections to the magistrate judge's report.[6]

To the extent Luther's filing can be liberally construed as stating an objection to the magistrate judge's findings concerning the various account numbers, the objection is overruled. Luther argues that the "constant switching of account numbers" shows defendants' "carelessness and recklessness" and states a claim for fraud. Pl.'s Mot. to Reconsider, Dkt. # 32, at 2-3. Federal Rule of Civil Procedure 9(b) requires that a party alleging fraud "must state with particularity the circumstances constituting fraud." Under Virginia law, the elements of fraud are: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to him. Van Deusen v. Snead, 247 Va. 324, 327, 441 S.E.2d 207, 208 (1994). Viewing liberally the allegations raised by Luther in his complaint, he contends the account numbers referenced by Wells Fargo in its correspondence were false, that Wells Fargo changed the numbers with the intent to defraud, and that he suffered undue harm, stress, embarrassment and expense as a result of defendants' conduct. However, a letter from Wells Fargo dated December 5, 2013 attached to Luther's complaint explains the various account numbers assigned to Luther's loan accounts. See Compl., Dkt. # 1-7. "Where there is a conflict between the bare allegations of a complaint and any exhibit attached pursuant to Rule 10(c), the exhibit prevails. Consistent with these holdings, the Court will examine a 12(b)(6) motion in light of the facts alleged in the complaint and the exhibits attached, deferring to the exhibits where there is a conflict." Davis v. Cole, 999 F. Supp. 809, 812 (E.D. Va. 1998) (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991)). Moreover, Luther fails to plead two essential elements of fraud— namely, that the account numbers constitute a material fact and that he relied on this fact to his detriment. See Klar v. Fed. Nat'l Mortgage Ass'n, 3:13CV00462-

---

[6] However, Luther is free to raise these new allegations in any amended complaint that he may file, and the court will consider them in due course.

6

JAG, 2014 WL 412533, at *3 (E.D. Va. Feb. 3, 2014) ("If the account statements form the basis of the fraud, the claim cannot pass muster, because the [plaintiffs] did not rely on those statements to their detriment."). Luther has not pled fraud with particularity, and the magistrate judge correctly held that Luther's fraud claim should be dismissed.

Luther also asserts in his objections that "Defendant has never started action or has not taking [sic] any action to foreclose on Plaintiff,"[7] and that, "Defendant had no creditor/debtor relationship" with defendants. Pl.'s Mot. to Reconsider, Dkt. # 32. Liberally construing this argument as an objection to the magistrate judge's findings concerning Luther's wrongful foreclosure claims, it too is overruled. Luther's assertion that defendants have never taken action to foreclose on his property is nonsensical. He attached to his complaint correspondence establishing that his property has been referred to foreclosure, as well as a newspaper clipping in which notice of a foreclosure sale is published. See Compl., Dkt. # 1-1, 1-9. Indeed, Luther filed a motion for TRO in which he states defendants "are seeking to foreclose on Plaintiff's home in violation of the rights of the Plaintiff . . . ." Mot. for Temp. Restraining Order, Dkt. # 2. In any event, courts have held that "Virginia does not recognize a cause of action for wrongful foreclosure." Hien Pham v. Bank of N.Y., 856 F. Supp. 2d 804, 811 (E.D. Va. 2012) (citing Sheppard v. BAC Home Loans Servicing, LP, No. 3:11cv62, 2012 WL 204288, at *7 (W.D. Va. Jan. 24, 2012)). And even if it did, the note executed by Luther, secured by a deed of trust, proves defendants have a valid security interest in his Fieldale property. See Ex. 8-1.[8] The magistrate judge correctly concluded that Luther's wrongful foreclosure claim should be dismissed.

---

[7] Luther attached to his objections a document entitled "Past Due Account Status," which, according to Luther, concerns his mortgage loan and proves defendants have taken no foreclosure action. Pl.'s Mot. to Reconsider, Dkt. # 32-2. In disposing of a Rule 12(b)(6) motion, the court may only consider the complaint and the documents attached thereto. As this document was not attached to Luther's complaint, it will not be considered.

[8] The note, attached as an exhibit to defendant's memorandum in support of motion to dismiss, is referenced in Luther's complaint. When such a document is attached to a motion to dismiss, "'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiff[] do[es] not challenge its authenticity.'" Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004)

7

## IV.

Having carefully reviewed Luther's complaint and the magistrate judge's report and taken a de novo look at the portions of the report to which Luther objects,[9] the court concludes that Luther fails to state a claim upon which relief can be granted. As such, the court will adopt the magistrate judge's recommendation in its entirety and give Luther ten days within which to file any amended complaint correcting the deficiencies identified by the magistrate judge.

An appropriate Order will be entered.

Entered: July 24, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

(quoting Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir. 1999)). Luther does not challenge the authenticity of the note. As such, the court can consider it here.

[9] Luther raises no objection to the magistrate judge's findings as to the FDCPA and mail fraud claims. Therefore, they have been reviewed for clear error.