IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| JAMES T. LUTHER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:13-cv-00072 |
| | ) | |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A., and | ) | By:  Michael F. Urbanski |
| ATLANTIC LAW GROUP, LLC, | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

On April 9, 2015, the court issued a memorandum opinion and order granting summary judgment in favor of defendants and dismissing this action. Pro se plaintiff James T. Luther now files a response to the court's memorandum opinion, which the court construes as a motion for reconsideration of the court's decision (Dkt. # 62), and moves for injunctive relief against the United States (Dkt. # 63). As set forth below, both of these motions will be **DENIED**.

### I.

Motions for reconsideration, while not uncommon in federal practice, are not recognized under the Federal Rules of Civil Procedure. See Ambling Mgmt. Co. v. Univ. View Partners, LLC, No. WDQ-07-2071, 2010 WL 457508, at *1 n.3 (D. Md. Feb. 3, 2010); Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 100 (E.D. Va. 1983). However, the Fourth Circuit has held that "if a post-judgment motion is filed within [twenty-eight] days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled." Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978); see MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 277–78 (4th Cir. 2008) (noting CODESCO continues to apply notwithstanding the amendment to Federal Rule of Appellate Procedure 4).

Because Luther filed his motion within twenty-eight days of the court's order dismissing this case, it will be construed as a motion to alter judgment pursuant to Rule 59(e).

The Fourth Circuit has outlined three reasons for amending an earlier judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). It is well settled that "Rule 59(e) 'may not be used to relitigate old matters' or to 'raise arguments which could have been raised prior to the issuance of the judgment.'" O'Connor v. Columbia Gas Transmission Corp., 643 F. Supp. 2d 799, 810 (W.D. Va. 2009) (quoting Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 404 (4th Cir. 1998)). "In other words, a motion for reconsideration under Rule 59(e) is inappropriate if it asks the court to 'reevaluate the basis upon which it made a prior ruling' or 'merely seeks to reargue a previous claim.'" Projects Mgmt. Co. v. DynCorp Int'l, LLC, No. 1:13-CV-331, 2014 WL 1513267, at *1 (E.D. Va. Apr. 15, 2014) (quoting United States v. Smithfield Foods, Inc., 969 F. Supp. 975, 977 (E.D. Va. 1997)). Instead, a Rule 59(e) motion "is considered to be 'an extraordinary remedy that should be used sparingly.'" Lee v. Zom Clarendon, L.P., 665 F. Supp. 2d 603, 615-16 (E.D. Va. 2009) (quoting Pac. Ins., 148 F.3d at 403), aff'd sub nom. Sun Yung Lee v. Clarendon, 453 F. App'x 270 (4th Cir. 2011).

The court has reviewed Luther's motion for reconsideration and, even viewing it liberally in light of his pro se status, Estelle v. Gamble, 429 U.S. 97, 106 (1976), Luther's motion provides no basis upon which the court should amend its prior ruling. Luther has not identified any change in controlling law, new evidence, or clear error of law. As such, his motion for reconsideration will be denied.

## II.

Luther also moves for injunctive relief against the United States and "its agents, sub agencies, and corporations due to an ongoing pattern of threats and harassment of Plaintiff, for violating Plaintiff's inalienable rights of political and religious thought and speech, and Plaintiff's right to sue in peace and pursue happiness." Dkt. # 63. Luther appears to contend that the United States government has somehow interfered with the two civil actions he has brought in this court related to the impending foreclosure of his home. The United States is not currently a party to this case, and Luther asks the court to add it as a defendant.

Simply put, Luther's motion has no merit whatsoever, and it will be denied.

## III.

This case is over. **The court will not entertain any further motions from Luther in this matter.** Should Luther wish to seek further judicial review of the court's decision in this case, he may do so by filing a notice of appeal with the Clerk's office within thirty (30) days, pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure.

An appropriate Order will be entered.

Entered: April 21, 2015

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge

3