CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 1 1 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| JAMES T. LUTHER, | ) |
| Plaintiff, | ) Case No. 4:11cv00057 |
| v. | ) |
| WELLS FARGO BANK, | ) |
| Defendant. | ) |

| | |
|---|---|
| JAMES T. LUTHER, | ) |
| Plaintiff, | ) Case No. 4:13cv00072 |
| v. | ) |
| WELLS FARGO BANK, N.A., and ATLANTIC LAW GROUP, LLC, | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

This matter is before the court on pro se plaintiff James T. Luther's motion to set aside judgment / petition for rehearing filed in Case No. 4:11cv00057 (ECF No. 46) and Case No. 4:13cv00072 (ECF No. 81). The court construes this motion as a motion for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60(b). Because Luther has failed to provide any reason whatsoever for the court to set aside the judgment in either of his cases, his motion will be **DENIED**.

I.

Luther previously filed two civil cases in this court against Wells Fargo in an effort to forestall the foreclosure of this home. The first case, filed on December 7, 2011, alleged fraud, violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and violations of the Real Estate Settlement and Procedures Act, 12 U.S.C. § 2605. See Case No. 4:11cv00057. Upon the recommendation of the magistrate judge, the court granted Wells Fargo's motion to dismiss Luther's amended complaint and dismissed the case with prejudice by Order entered September 25, 2012. See id. at ECF No. 45. Luther did not appeal.

Instead, he filed a second case against Wells Fargo and Atlantic Law Group, LLC on December 17, 2013, alleging violations of the Fair Debt Collection Practices Act, wrongful foreclosure, fraud and mail fraud. See Case No. 4:13cv00072. Ultimately, following an evidentiary hearing, the magistrate judge recommended that Luther's second case also be dismissed with prejudice in its entirety. The court agreed and dismissed this action by Memorandum Opinion and Order entered April 9, 2015. See id. at ECF No. 60 & 61. The court denied Luther's motion for reconsideration filed pursuant to Rule 59(e), id. at ECF No. 64 & 65, and Luther appealed, id. at ECF No. 66. The Fourth Circuit affirmed the court's judgment on December 2, 2015, id. at ECF No. 74 & 75, denied Luther's petition for rehearing on January 19, 2016, id. at ECF No. 77, and issued its mandate on January 27, 2016, id. at ECF No. 78.

Luther now moves to set aside the judgment in both of his prior cases.

II.

Luther does not cite any specific Federal Rule of Civil Procedure as a basis for his motion. Such post-judgment motions are considered under either Rule 59(e) or Rule 60(b). See In re Burnley, 988 F.2d 1, 2-3 (4th Cir. 1992). A motion to alter or amend a judgment filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls.

2

Ambling Mgmt. Co. v. Univ. View Partners, LLC, No. WDQ-07-2071, 2010 WL 457508, at *1 n.3 (D. Md. Feb. 3, 2010); see also In re Burnley, 988 F.2d at 2-3.[1] Because Luther's motion was filed more than three years after judgment was entered in Case No. 4:11cv00057 and nearly ten months after judgment was entered in Case No. 4:13cv00072, the court will construe it as a motion for relief from judgment pursuant to Rule 60(b).

## A.

The remedy provided by Rule 60(b) is "extraordinary and is only to be invoked upon a showing of exceptional circumstances." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979). In addition to showing exceptional circumstances, a party moving for relief under Rule 60(b) must show timeliness, a meritorious defense, and a lack of unfair prejudice to the opposing party. Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984). Once the moving party has made such a showing, she must satisfy one of the six grounds for relief from judgment outlined in Rule 60(b).[2] Id. "When making a motion under Rule 60(b), the party moving for relief 'must clearly establish the grounds therefor to the satisfaction of the district court,' and such grounds 'must be clearly substantiated by adequate proof.'" In re Burnley, 988 F.2d at 3 (internal citations omitted). Rule 60(b) does not authorize reconsideration of legal issues already addressed in an earlier ruling. United States v. Williams, 674 F.2d 310, 312 (4th Cir. 1982); Barnett v. United States, No. 7:06cv00051, 2007 WL 712288, at *1 (W.D. Va. Mar. 6, 2007) ("[T]he purpose of Rule 60(b) is not to rehash those issues which have already been addressed in an earlier ruling." (citing CNF Constructors, Inc. v. Dohohoe Construction Co., 57 F.3d 395, 401 (4th Cir. 1995))). The rule was not intended as a

---

[1] Rule 59(e) was amended in 2009 to expand the period for filing a motion from 10 days to 28 days following entry of judgment.
[2] These grounds include: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

3

substitute for a direct appeal. Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993).

### B.

Luther's motion, even construed liberally, meets none of the threshold requirements for relief under Rule 60(b). Nor does it state any grounds for relief under Rule 60(b)(1), (2), (3), (4), (5), or (6). As best the court can discern, Luther appears to assert the Clerk concealed facts of the record. Specifically, Luther claims that he did not receive documents from the court entered April 18, 2014 and, in spite of that fact, the court moved forward with the case, placing Luther at a disadvantage. This is simply incorrect.

The United States Magistrate Judge entered a Report and Recommendation in Case No. 4:13cv00072 on April 18, 2014, recommending the court grant defendants' motion to dismiss and give Luther leave to amend his complaint. Id. at ECF No. 28. The magistrate judge also entered an Order continuing the trial date. Id. at ECF No. 29. After Luther failed to file timely objections to the magistrate judge's report, the court adopted the recommendation by Order entered May 7, 2014. Id. at ECF No. 31.

Two staff notes appear on the docket with a date of May 7, 2014. The first indicates Mr. Luther called the Clerk's office that morning stating he never received a copy of the Report and Recommendation or the Order continuing the trial date, both of which were entered April 18, 2014. Luther claimed he learned of the existence of those documents when he spoke to defense counsel by phone on May 5, 2014 to schedule a pretrial conference. The staff note states Luther said defense counsel had emailed both documents, ECF No. 28 and 29, to him. The deputy clerk advised Luther she would check into the matter and call Luther back by close of business.

The second staff note dated May 7, 2014 indicates the deputy clerk called Luther back and advised him that she had notified the undersigned that Luther did not receive copies of ECF No. 28

4

Case 4:13-cv-00072-MFU-RSB  Document 83  Filed 02/11/16  Page 4 of 6  Pageid#: 515

and 29 from the court. The deputy clerk advised Luther of the Order adopting the magistrate judge's report, which had been entered that same day, May 7, 2014, and noted she mailed Luther a copy of that Order and the docket sheet.

Two days later, on May 9, 2014, Luther filed a motion to reconsider the magistrate judge's April 18, 2014 rulings. Id. at ECF No. 32. By Order entered May 12, 2014, the court construed Luther's motion as an objection to the magistrate judge's Report and Recommendation, vacated its May 7, 2014 Order, and ordered defendants to file a response. Id. at ECF No. 33.

They did so on May 22, 2014, id. at ECF No. 34, and Luther filed a reply on May 28, 2014, id. at ECF No. 35. On July 24, 2014, the court entered a Memorandum Opinion and Order adopting the magistrate judge's recommendation and giving Luther 10 days to file an amended complaint. Id. at ECF No. 36 & 37.

After receiving an extension from the court, Luther filed an amended complaint, and the matter proceeded on defendants' motion to dismiss the amended complaint. In his amended complaint, Luther raised for the first time in any of his prior iterations of a complaint a request to rescind his loan agreements with Wells Fargo on account of defendant's breach of those agreements. Specifically, Luther alleged that Wells Fargo accepted a check in the amount of $127,150.20, the balance owed on his loan, and failed to clear title. This allegation stemmed from arguments Luther raised in his objections to the Report and Recommendation filed May 9, 2014, as well as evidence he attached thereto. The court allowed this sole claim to survive defendants' Rule 12(b)(6) motion and referred the case to the magistrate judge for an evidentiary hearing as to whether Luther, in fact, paid off his loan.

Luther cannot now argue nearly two years later that he was "placed at a substantial disadvantage" when he did not receive from the court documents entered on April 18, 2014. Luther acknowledged receipt of those documents from defense counsel and, after receiving them, filed a

5

motion for reconsideration. Crediting Luther's representation that he had not received copies of the April 18th rulings from the Clerk, the court vacated its previous order adopting the Report and Recommendation, construed Luther's motion for reconsideration as a timely-filed objection to the report, ordered a response from defendants, and, in a detailed Memorandum Opinion, considered Luther's arguments and reviewed de novo those portions of the Report and Recommendation to which Luther objected. The case proceeded from there on Luther's amended complaint – his fourth complaint against Wells Fargo stemming from the attempted foreclosure of his home – and culminated in an evidentiary hearing on Luther's sole surviving claim that he had paid off his debt to Wells Fargo, following which, the magistrate judge concluded that Luther had fabricated a check in the amount of his loan using a routing number associated with the Federal Reserve Bank of San Francisco. The court found the magistrate judge's finding to be correct and appropriately dismissed his case. The Fourth Circuit agreed.

In short, Luther's prosecution of Case No. 4:13cv00072 was in no way hampered by the fact that he did not receive copies of the court's April 18, 2014 rulings from the Clerk. And plainly, this had no bearing whatsoever on Case No. 4:11cv00057, which has been closed since 2012. Luther sets forth no other reason for the court to grant a motion for relief from judgment in either of his cases pursuant to Rule 60(b). Accordingly, Luther's motion will be **DENIED**.

An appropriate Order will be entered.

Entered: 02-11-2016

/s/ Michael F. Urbanski
Michael F. Urbanski
United States District Judge